Dear Mr. Diasselliss:
This office is in receipt of your request for an opinion of the Attorney General in regard to reimbursement of compensation for sabbatical leave under R.S. 17:1187. You ask if the amount of reimbursement includes the total amount of funds paid by the local school board which would include amounts paid for the employee's health insurance.
R.S. 17:1187 provides as follows:
 A. Each person granted sabbatical leave shall sign an agreement or contract with his employing school board stipulating that, as a condition of his sabbatical leave and in order to be eligible for compensation during such leave, he will return to service for one semester for each semester of leave following the expiration of his leave in the school system granting the leave.
 B. Should a person taking sabbatical leave fail to return to service in the school system granting leave for one semester for each semester of leave following the expiration of such leave for any reason other than incapacitating illness as certified by two physicians, that person shall forfeit all compensation received during the leave period. Provided however, any school board may waive the provisions of this Section in accordance with prepublished criteria if it deems to be in the best interest of the school system to do so. No such waiver shall favor or discriminate against any employee or applicant because of his job description, age, race, or sex.
 C. Notwithstanding any provision of Subsection B herein, no person who, upon the expiration of his sabbatical leave, immediately begins employment with a state-operated education agency, city or parish school board, department, school, college, or university instead of returning to the school system which granted him such leave, shall be required to forfeit that portion of compensation paid to him by the state while he was on such leave. However, such person shall be required to reimburse the school system which granted him such leave any salary paid to him by such school system while he was on leave, except as provided in Subsection B herein. (Emphasis added.)
The statute shows that under paragraph "B" that if a person fails to return to service in the school board system that granted leave "that person shall forfeit all compensation received during the leave period" unless there was a prepublished criteria that waives the provision. However, under paragraph "C" if the person begins employment with a state-operated educational agency, city or parish school board, department, school, college, or university instead of returning to the previous school system that granted the leave he is not required to reimburse "that portion of compensation paid to him by the state while he was on such leave", only "any salary paid to him by such school system".
Therefore, a difference is made in those that do not return to the school granting the leave or any other school system, paragraph (B), from those that return to the educational field in the state but not the school system that granted the leave, paragraph (C). The latter is required to reimburse the school system which granted him leave "any salary paid to him by such school system", while the former "shall forfeit all compensation received during the leave period."
In an earlier opinion this office responded to a question in regard to what compensation must be refunded following a failure to return to service under R.S. 17:1187, Atty. Gen. Op. No. 81-655, and noted that the term "compensation" is not specifically defined in the statute. However, it was felt, when considering the provisions as a whole, that "compensation" included benefits other than salary since teachers on sabbatical are entitled to have such things as the time counted toward retirement and have contributions toward the retirement fund continued. It was concluded that the use of the term "forfeit" and "compensation", indicates a broad construction should be given, and it was intended not to simply be repayment or refund of money received. It was then stated, "We additionally conclude that the term compensation for these purposes would include other incidental benefits received by a teacher on sabbatical leave."
That opinion further noted that the statute provides that the school board may waive the provisions in regard to forfeiture of compensation received during the leave period as long as the waiver is done fairly, in the best interests of the school system, and is governed by prepublished criteria, and that benefits will vary among various school systems. Accordingly, it was stated no opinion would be expressed on situations where the compensation to be forfeited may have been changed contractually or by action of the school board.
In the answer to the present inquiry we would follow the reasoning of the earlier opinion that "compensation" should be broadly interpreted to cover more than salary. We would conclude reimbursement under paragraph (B) would cover the amounts paid for the employee's health insurance unless there was a valid waiver by the school board by a prepublished criteria or contract.
With regard to the person who does not return to the school system that granted the leave but goes to another education system, the statute mandates he will be required to reimburse the school system which granted him the leave "any salary paid to him" while he was on leave. We believe by the use of the term "salary" rather than "forfeit all compensation", the reimbursement must be restricted to strictly the "salary" portion paid by the school system.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0534f